```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES THOMAS,
                                                    NOT FOR PUBLICATION
                Plaintiff,
    -against-                                       **MEMORANDUM AND ORDER**

THE CITY OF NEW YORK; DEPARTMENT OF                 16-CV-2924 (KAM)
CORRECTIONS; and CORIZON MEDICAL, INC.,

                Defendants.
----------------------------------------X
```
**MATSUMOTO, United States District Judge**:

      On June 2, 2016, plaintiff James Thomas, currently incarcerated at Clinton Correctional Facility in Dannemora, New York, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (ECF No. 1, Complaint ("Compl.").) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, however, the court dismisses the Complaint and grants plaintiff leave to file an amended complaint within thirty (30) days of this Order.

Background

      Plaintiff alleges that on or about May 3, 2013, he was given "meds of risperdal and upon taken meds I grow lumps in my chest area that look like female breast [sic]." (ECF No. 1, Compl. at 3.)[1] He further alleges that he has "con[s]tant chest

---

[1] Risperdal (generically known as risperdone) is used to treat the symptoms of schizophrenia and bipolar disorder. *See* U.S. National Library of Medicine, MedlinePlus, *Risperdone* (2015), *available at* https://www.nlm.nih.gov/medlineplus/druginfo/meds/a694015.html (last visited July 11, 2016).

pain from this medication and upper weight gain in chest area."
(*Id*.)  Plaintiff does not state where, or by whom, he was prescribed the medication, but names as defendants the City of New York, the Department of Corrections ("DOC"), and Corizon Medical Inc. ("Corizon").  Corizon is alleged to be located on Rikers Island at 18-18 Hazen Street, East Elmhurst, New York.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In reviewing the Complaint, the court is mindful that a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), however, a complaint "must plead enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

In order to sustain a claim for relief under § 1983 against a municipal defendant such as the City of New York, a plaintiff must show (1) the existence of an adopted policy or custom that caused injury and (2) a direct causal connection between that policy or custom and the deprivation of a constitutional right. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 692-94 (1978); *see also Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of New York*,

3

789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("[f]ollowing *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard"). Here, plaintiff does not allege, and nothing in the Complaint suggests, a policy officially adopted by the City of New York and a causal connection between a policy and the deprivation of plaintiff's constitutional rights. Therefore, plaintiff has not made the required showing to confer *Monell* liability on the City of New York and the claim must be dismissed.

Plaintiff's claim against Corizon must be dismissed for the same reason. Corizon is "a company with which the City of New York contracts to provide medical services to inmates housed at [New York City Department of Correction] facilities, including Rikers." *Hernandez v. Corizone Medical Dep't Staff*, No. 14 Civ. 192, 2015 WL 273690, at 1 n.3 (S.D.N.Y. Jan. 22, 2015) (quoting *Law v. Corizon Med. Services*, 13 Civ. 5286, 2014 WL 2111675, at *5 (S.D.N.Y. May 12, 2014)). "Though Corizon is a private entity, 'it enjoys the benefit of the *Monell* requirements for the same reason it may be named as a defendant in a § 1983 suit - in providing medical care in prisons, Corizon performs a role traditionally within the exclusive prerogative of the state and therefore, in this context, is the functional equivalent of the municipality.'" *Law*, 2014 WL 2111675, at *5 (quoting *Bess v. City of New York,* No. 11 Civ. 7604, 2013 WL 1164919, at *2 (S.D.N.Y. Mar. 19, 2013)). Here, plaintiff fails

to state a claim against Corizon because the Complaint does not allege any facts specifically against Corizon.

Finally, plaintiff's claim against the DOC must be dismissed because the DOC is a non-suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C Admin. Code & Charter ch. 17 § 396 (2004). This provision has been construed to establish that "suits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis." *Echevarria v. Dep't of Corr. Servs. of N.Y. City*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999); *see also Lopez v. Zouvelos*, No. 13-CV-6474 MKB, 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against the DOC as a non-suable entity); *Campbell v. New York City,* No. 12-CV-2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (same).

<u>Leave to Amend</u>

For the foregoing reasons, the Complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, the court grants plaintiff thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that an amended complaint completely replaces the original

5

complaint.  If plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint," and shall bear the same docket number as this Order.

The amended complaint should provide relevant facts, including the date(s) of each event alleged, the location or where each act or failure to act occurred, a description of what actually occurred, and the names of individuals involved in each event.  Plaintiff may name as defendants the individuals who allegedly violated his rights.  If plaintiff cannot identify individual defendants within the time allowed, he may identify each defendant by title and generic name (e.g., "Correction Officer Jane Doe" or "Nurse John Doe #1") along with the individual's place of employment, date and tour of duty, and a physical description.  Defendant may not assert a claim against the DOC in an amended complaint because, as discussed above, the DOC is not a proper defendant.

## CONCLUSION

If plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, final judgment shall enter.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to serve a copy of

6

this Memorandum and Order on the plaintiff and note service on the docket.

**SO ORDERED.**

Dated: July 20, 2016
Brooklyn, New York

                                          _____/s/_____
                                          Kiyo A. Matsumoto
                                          United States District Judge