```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JAMES THOMAS,
                                              NOT FOR PUBLICATION
                Plaintiff,
       -against-                              **MEMORANDUM AND ORDER**
                                                 16-CV-2924 (KAM)
The City of New York,
Doctor JOHN DOE, Nurse JANE DOE,

                Defendants.
--------------------------------X
```
**MATSUMOTO, United States District Judge:**

On June 2, 2016, plaintiff James Thomas, currently incarcerated at Clinton Correctional Facility in Dannemora, New York, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (ECF No. 1, Complaint ("Compl.").) By Memorandum and Order dated July 20, 2016, the court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed the Complaint without prejudice for failure to state a claim, and granted plaintiff leave to file an amended complaint. (ECF No. 9, Memorandum and Order.) On July 28, 2016, plaintiff filed an amended complaint against the City of New York, Doctor Jhon Doe (sic), and Nurse Jane Doe. (ECF No. 10, Amended Complaint ("Am. Compl.").) For the reasons that follow, the court dismisses the Amended Complaint and grants plaintiff leave

to file a second amended complaint within thirty (30) days of this Order.

## Background

Plaintiff alleges that on or about May 3, 2013, while he was incarcerated on Rikers Island, a "medical doctor prescribe a drug called risperdal and nurse gave drug at window, upon tak[ing] drug I grew breast and pain within breast area." (Am. Compl. at 1.). The Amended Complaint includes no additional information supporting plaintiff's claim. (*Id.* at 1-2.) Although the civil cover sheet attached to the original Complaint indicates that plaintiff is alleging a civil rights violation pursuant to 42 U.S.C. § 1983 (ECF No. 1-1), the Amended Complaint lacks factual allegations that any defendant violated plaintiff's constitutional rights or rights secured by federal law.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." In reviewing the Amended Complaint, the court is

mindful that a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), however, a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked

3

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

To prevail on a claim brought under 42 U.S.C. § 1983, a plaintiff must show that defendants "acted under color of state law and that [they] deprived him of a right secured by the Constitution or laws of the United States." *Palmieri v. Lynch*, 392 F.3d 73, 78 (2d Cir. 2004). Assuming, *arguendo*, that plaintiff was a pretrial detainee in state custody on May 3, 2013, he "receives protection against mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth Amendment," rather than the Eighth Amendment, which is applicable only to convicted prisoners. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). In light of plaintiff's *pro se* status, the court will liberally construe the Amended Complaint as alleging defendants' deliberate indifference to plaintiff's medical needs in violation of his rights under the Fourteenth Amendment.

"There are two elements to a claim of deliberate indifference to a serious medical condition: [The plaintiff] must show that he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo*, 581 F.3d at 72 (alterations in original) (internal quotation marks omitted). A serious medical condition exists where "the failure to treat a

4

prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (defining as "serious" conditions that "a reasonable doctor or patient would find important and worthy of comment or treatment" (internal quotation marks omitted)). "The standard for deliberate indifference includes a subjective component and an objective component." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). That is, a plaintiff must show that "the prison official knew of and disregarded the plaintiff's serious medical needs." *Chance*, 143 F.3d at 703.

The inadvertent failure to provide adequate care, or negligence in diagnosing or treating a medical condition, is insufficient to meet the deliberate indifference standard. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). "[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim.'" *Chance*, 143 F.3d at 703; *see also Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (emphasizing that deliberate indifference "entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."); *Ochei v. Nassau County Sup. Ct.*, No. 11-cv-5665, 2012 WL 159620, at *2 (E.D.N.Y. Jan. 13, 2012) ("Plaintiff's allegations of medical malpractice and negligence are state law claims that would not

5

ordinarily come within the jurisdiction of the federal courts.") (citations omitted). However, the Second Circuit has instructed that medical malpractice against a prisoner involving "culpable recklessness" – an act or failure to act "by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm" – may rise to the level of a constitutional violation. *Hill*, 657 F.3d at 123.

Here, plaintiff's one-sentence allegation that he suffered side effects from taking Risperdal while incarcerated fails to state a claim for deliberate indifference to his serious medical needs under § 1983. Plaintiff alleges only that Dr. John Doe prescribed Risperdal and Nurse Jane Doe dispensed the drug on one occasion. There is no basis to infer that: (1) plaintiff suffers from a serious medical condition, (2) defendants were aware of a substantial risk of serious harm to plaintiff, and (3) defendants acted (or failed to act) with conscious disregard of that risk. *See, e.g., Leconte v. Lightner*, No. 3-14-cv-1492, 2015 WL 4104842, at *3 (D. Conn. July 8, 2015) (dismissing § 1983 claims brought by prisoner who allegedly suffered side effects from taking Risperdal where "plaintiff does not say what Defendants did (or failed to do), when and for how long they did it (or failed to do it), or provide facts to allow the Court to reasonably infer what they knew (or must have known) when they did it").

6

Plaintiff's claim against the City of New York also must be dismissed. In order to sustain a claim for relief under § 1983 against a municipal defendant such as the City of New York, a plaintiff must show (1) the existence of an adopted policy or custom that caused injury and (2) a direct causal connection between that policy or custom and the deprivation of a constitutional right. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 692-94 (1978). Here, plaintiff does not allege, and nothing in the Complaint suggests, a policy officially adopted by the City of New York and a causal connection between a policy and the deprivation of plaintiff's constitutional rights.

## Leave to Amend

In light of plaintiff's *pro se* status, the court grants plaintiff leave to file a second amended complaint within 30 days from the date of this Order. If plaintiff elects to file a second amended complaint, it shall be captioned "Second Amended Complaint" and shall bear the same docket number as this Order.

Plaintiff is advised that a second amended complaint will completely replace the prior complaints filed in this action. The second amended complaint should provide facts supporting plaintiff's claim that defendants acted with deliberate indifference to his serious medical needs, such as:

7

the nature of plaintiff's serious medical condition, relevant treatment provided to plaintiff, the date of onset and duration of any alleged side effects of treatment, and any facts that would allow the court to reasonably infer that defendants knew or should have known of the side effects and failed to act.

## Conclusion

If plaintiff fails to file a second amended complaint within 30 days or fails to show good cause why he cannot comply, final judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444- 45 (1962). The Clerk of Court is directed to serve a copy of this Memorandum and Order on the plaintiff and note service on the docket.

**SO ORDERED.**

Dated: August 9, 2016
Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge